RECEIVED
OFFICE OF THE CLERK
U.S. COURT OF APPEALS

2012 MAY -7 AM 9: 25

FILED _____ _____
DOCKETED _____ _____
DATE    INITIAL

No. 12-10208

# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

---

**United States of America,**
*Plaintiff and Appellee,*

vs.

**Kenneth Martin Kyle**
*Defendant and Appellant.*

---

On Appeal from a Judgment of the United States District Court
for the Northern District of California

N. D. CA No: CR 10 1245 JSW

The Honorable Jeffrey S. White

---

# MOTION TO WITHDRAW AS ATTORNEY

---

DAVID MICHAEL BIGELEISEN
101 Howard Street, Suite 310
San Francisco, CA 94105
(415) 957-1717 • Fax (415) 957-1777

*Attorney for Appellant*
Kenneth Martin Kyle

Comes now David Michael Bigeleisen and moves for the following relief:

1. For an order releasing him as counsel for Kenneth Martin Kyle in this appeal,

2. For an order appointing counsel for Mr. Kyle without expense to Mr. Kyle,

3. For a reasonable extension of the deadlines set by this Court, and

4. For such other relief as is just and proper.

RECITALS

Mr. Kyle was indicted in the United States District Court for the Northern District of California for the following charges:

Aggravated sexual abuse of a minor  (18 U.S.C. §2241(c))

Production of child pornography  (18 U.S.C. §2251(a))

Distribution of child pornography  (18 U.S.C. §2252(a)(2))

Transportation of child pornography  (18 U.S.C. §2252(a)(1)

Possession of child pornography  (18 U.S.C. §2252(a)(4)(B))

A correct copy of the Indictment is attached as Exhibit 1.

Mr. Kyle entered into a plea agreement to resolve his case on February 13, 2012. A correct copy of the plea agreement is attached as Exhibit 2.

The plea agreement states the following things:

I agree to give up my right to appeal my conviction, the judgment, and orders of the Court.  I also agree to waive any right I may have to appeal any aspect of my sentence, including any orders relating to forfeiture and/or restitution.

I agree to waive any rights I may have to file any collateral attack on my conviction or sentence, including

2

a petition under 28 U.S.C. §2255 or 28 U.S.C. §2241, or

motion under 18 U.S.C. §3582, at any time in the future

after I am sentenced, except for a claim that my

constitutional right to the effective assistance of counsel

was violated.

Mr. Kyle plead guilty and was sentenced on March 8, 2012.  A correct copy of the Judgment and Sentence is attached as Exhibit 3.

The time with which Mr. Kyle was permitted to file a notice of appeal was extended to April 26, 2012 by order of the Court dated April 9, 2012.  A correct copy of the order extending time is attached as Exhibit 4.

Mr. Kyle instructed Mr. Bigeleisen to file a notice of appeal.  Mr. Bigeleisen did so on April 23, 2012.  A correct copy of the Notice of Appeal is attached as Exhibit 5.

Mr. Bigeleisen requests the Court to take judicial notice of Exhibits 1 through 5.


GOOD CAUSE EXISTS TO RELIEVE COUNSEL

The plea agreement in this case calls for a waiver of appeal, both of the conviction and of the sentence.  The only conceivable basis for appeal would be either an invalidity of the waivers, or ineffective assistance of counsel.  It is arguable, at least in theory, that ineffective assistance of counsel would be a basis for relief from the waivers set forth in the plea agreement,

Mr. Bigeleisen can hardly be the proper one to present a case of allegations of defect in this own performance.  Thus a conflict exists and Mr. Bigeleisen should be relieved.

<u>DECLARATION OF DAVID MICHAEL BIGELEISEN</u>

I, David Michael Bigeleisen, declare and say:

I entered a general appearance on behalf of Kenneth Martin Kyle in the matter of United States of America v. Kenneth Martin Kyle, Case No. CR 10 1245 JSW, filed in the Northern District of California on April 22, 2010. Mr. Kyle was charged with

Aggravated sexual abuse of a minor (18 U.S.C. §2241(c))

Production of child pornography (18 U.S.C. §2251(a))

Distribution of child pornography (18 U.S.C. §2252(a)(2))

Transportation of child pornography (18 U.S.C. §2252(a)(1))

Possession of child pornography (18 U.S.C. §2252(a)(4)(B))

A correct copy of the Indictment is attached as Exhibit 1.

Mr. Kyle entered into a plea agreement on February 13, 2012. A correct copy of the plea agreement is attached as Exhibit 2.

The plea agreement contained the following language:

I agree to give up my right to appeal my conviction, the judgment, and orders of the Court. I also agree to waive any right I may have to appeal any aspect of my sentence, including any orders relating to forfeiture and/or restitution.

I agree to waive any rights I may have to file any collateral attack on my conviction or sentence, including a petition under 28 U.S.C. §2255 or 28 U.S.C. §2241, or motion under 18 U.S.C. §3582, at any time in the future after I am sentenced, except for a claim that my constitutional right to the effective assistance of counsel was violated.

Mr. Kyle plead guilty to a violation of 18 U.S.C. 2241(c) on March 8, 2012. A correct copy of the Judgment and Sentence is attached as Exhibit 3.

The United States District Court extended the time within which Mr. Kyle was allowed to file a notice of appeal to April 26, 2012. A correct copy of the Court's order extending time is attached as Exhibit 4.

Mr. Kyle asked me to file a notice of appeal on his behalf. I did so on April 23, 2012. A correct copy of the notice of appeal is attached as Exhibit 5.

I can imagine two possible bases for Mr. Kyle's appeal. One would be that his waiver of appeal of his judgment and sentence is invalid. The other is that my services were ineffective.

I have signed Mr. Kyle's plea agreement, which waives the right to appeal. Thus, I do not think it proper for me to prosecute this appeal.

I am not the person to identify a defect in my services, to articulate a defect in my services, or to plead and present a defect in my services. To do so would be at least a conflict of interest. Thus, I should be relieved. Another lawyer should take my place.

I have provided Mr. Kyle with Form 23, an application for court appointed counsel. I believe Mr. Kyle is without funds to have a lawyer and that he will need counsel under Court appointment. Form 23, reflecting Mr. Kyle's financial status is attached as Exhibit 6.

I have confirmed Mr. Kyle's mailing address as :

        Federal Detention Center
        Kenneth Martin Kyle, Registration No. 14545111
        Housing Unit J-1
        5675 Eighth Street Camp Parks
        Dublin, CA 94568

I have done this in the following way:

My office has placed a letter to Mr. Kyle, addressed at the previous address by first class mail, with postage fully paid on April 24, 2012. That letter has not been returned.

I visited Mr. Kyle at the Federal Detention Center, 5675 Eighth Street Camp Parks, Dublin, California on April 21, 2012.

I received a letter from Mr. Kyle on May 2, 2012. The envelope had a postmark date of May 1, 2012. The return address on the envelope was:

> Federal Detention Center
> Kenneth M. Kyle
> Registration No. 14545111
> Housing Unit J 1
> 5675 8th Street Camp Parks
> Dublin, CA 94568

A copy of the envelope is attached as Exhibit 7.

My secretary is Rozaida Bough. She informs me that she confirmed that Mr. Kyle continues to reside at the Federal Detention Center noted above. Please see her declaration, below.

I have told Mr. Kyle that I will make this application to withdraw.

I will co-operate with and assist Mr. Kyle's new lawyer in every way possible.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct. Executed at San Francisco, California this 4th day of May 2012.

DAVID MICHAEL BIGELEISEN

## DECLARATION OF ROZAIDA BOUGH

I, Rozaida Bough, declare and say:

I am the secretary to David Michael Bigeleisen. I placed a telephone call to the

Federal Detention Center, 5801 Eighth Street Camp Parks, Dublin, California, phone number 925-833-7500 on May 4, 2012 at 1:45 P.M.

I spoke with a gentleman who identified himself as Officer Nieto. He told me that he was a correctional officer. He also told me that Mr. Kyle continues to be confined at the facility.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct. Executed at San Francisco, California this 4th day of May 2012.

Rozaida Bough
Secretary to David Michael Bigeleisen

Wherefore; David Michael Bigeleisen prays for the following relief:

1. For an order releasing him as counsel for Kenneth Martin Kyle in this appeal,

2. For an order appointing counsel for Mr. Kyle without expense to Mr. Kyle,

3. For a reasonable extension of the deadlines set by this Court, and

4. For such other relief as is just and proper.

DAVID MICHAEL BIGELEISEN
Attorney for the Defendant and Appellant:
KENNETH MARTIN KYLE

7

# EXHIBIT 1

# United States District Court

### FOR THE
### NORTHERN DISTRICT OF CALIFORNIA

## VENUE: SAN FRANCISCO

FILED

2010 APR -1 P 7 12

---

## UNITED STATES OF AMERICA,

### V.

# CR 10 0245 JSW

## KENNETH MARTIN KYLE and TESSA VAN VLERAH,

---

### DEFENDANT(S).

---

# INDICTMENT

18 U.S.C. § 2241(c)- Aggravated Sexual Abuse; 18 U.S.C. § 2251(a)- Production of
Child Pornography; 18 U.S.C. § 2251(b)- Production of Child Pornography(by
Parent); 18 U.S.C. § 2252(a)(2)- Distribution of Child Pornography;
18 U.S.C. § 2252(a)(1)- Transportation of Child Pornography;
18 U.S.C. § 2252(a)(4)(B)- Possession of Child Pornography;
18 U.S.C. § 2253 - Criminal Forfeiture

---

A true bill.

_____ Foreman

Filed in open court this _____ day of

_April, 2010_

ADA YIU _____ Clerk

Bail, $ _No bail_

BERNARD ZIMMERMAN

warrant. Vlerah
No process. Kyle

AO 257 (Rev. 6/78)

Case3:10-cr-00245-JSW   Document5   Filed04/01/10   Page2 of 8

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT

☐ SUPERSEDING

**OFFENSE CHARGED**

18 U.S.C. 2241(c) – Aggravated Sexual Abuse of a Minor
18 U.S.C. 2251(a) – Production of Child Pornography
18 U.S.C. 2252(a)(2) – Distribution of Child Pornography
18 U.S.C. 2252(a)(1) – Transportation of Child Pornography
18 U.S.C. 2252(a)(4)(B) – Possession of Child Pornography

☐ Petty
☐ Minor
☐ Misde-
meanor
☒ Felony

PENALTY:   See Attached.

E-filing

---

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

*FILED*

*APR - 1 2010*

*RICHARD W. WIEKING*
*CLERK, U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*

─ **DEFENDANT - U.S**

► KENNETH MARTIN KYLE

DISTRICT COURT NUMBER

**CR 10 0245 JSW**

**DEFENDANT**

---

### PROCEEDING

Name of Complaintant Agency, or Person (& Title, if any)

ICE, Special Agent Analisa Nogales

☐ person is awaiting trial in another Federal or State Court,
give name of court

☐ this person/proceeding is transferred from another district
per (circle one) FRCrp 20, 21, or 40.  Show District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on motion
of:
☐ U.S. ATTORNEY   ☐ DEFENSE
}

SHOW
DOCKET NO.

☒ this prosecution relates to a
pending case involving this same
defendant

☒ prior proceedings or appearance(s)
before U.S. Magistrate regarding this
defendant were recorded under
}

MAGISTRATE
CASE NO.

3:10-70212 MAG

Name and Office of Person
Furnishing Information on this form    JOSEPH P. RUSSONIELLO

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)    OWEN P. MARTIKAN

---

### IS *NOT* IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior
summons was served on above charges ►

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

### IS IN CUSTODY
4) ☒ On this charge

5) ☐ On another conviction }   ☐ Federal   ☐ State

6) ☐ Awaiting trial on other charges

If answer to (6) is "Yes", show name of institution

Has detainer   ☐ Yes    If "Yes"
been filed?    ☐ No  }   give date
filed

DATE OF    Month/Day/Year
ARREST    March 20, 2010

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED    Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

---

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS   ☒ NO PROCESS*   ☐ WARRANT    Bail Amount:

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance

Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or
warrant needed, since Magistrate has scheduled arraignment*

Date/Time:                Before Judge:

Comments:

PENALTY SHEET ATTACHMENT – DEFENDANT KENNETH MARTIN KYLE

MAXIMUM PENALTIES:

18 U.S.C. § 2241(c) – Aggravated Sexual Abuse With Children

 At least 30 years but up to life imprisonment
 $250,000 fine
 At least 5 years but up to lifetime supervised release
 $100 special assessment

18 U.S.C. § 2251(a) – Production of Child Pornography

 At least 15 years but up to 30 years imprisonment
 $250,000 fine
 At least 5 years but up to lifetime supervised release
 $100 special assessment

18 U.S.C. § 2252(a)(2) – Distribution of Child Pornography

 At least 5 years but up to 20 years imprisonment
 $250,000 fine
 At least 5 years but up to lifetime supervised release
 $100 special assessment

18 U.S.C. § 2252(a)(1) – Transportation of Child Pornography

 At least 5 years but up to 20 years imprisonment
 $250,000 fine
 At least 5 years but up to lifetime supervised release
 $100 special assessment

18 U.S.C. § 2252(a)(4)(B) – Possession of Child Pornography

 10 years imprisonment
 $250,000 fine
 At least 5 years but up to lifetime supervised release
 $100 special assessment

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT

☐ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

─── OFFENSE CHARGED ───

18 U.S.C. 2251(a) – Production of Child Pornography by Parent

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY: At least 15 years but up to 30 years imprisonment
$250,000 fine
At least 5 years but up to lifetime supervised release
$100 special assessment

E-filing

**FILED**

─── DEFENDANT - U.S ───

APR - 1 2010

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

▶ TESSA VAN VLERAH

DISTRICT COURT NUMBER

## CR 10 0245 JSW

─── PROCEEDING ───

Name of Complaintant Agency, or Person (& Title, if any)

ICE, Special Agent Analisa Nogales

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY ☐ DEFENSE

SHOW DOCKET NO.

☒ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☒ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

3:10-70212 MAG

Name and Office of Person
Furnishing Information on this form   JOSEPH P. RUSSONIELLO

☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)   OWEN P. MARTIKAN

## DEFENDANT

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges �membr

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☒ On this charge

5) ☐ On another conviction          ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges

If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes    If "Yes"
been filed?  ☐ No     give date
                      filed

DATE OF          Month/Day/Year
ARREST ▶         March 20, 2010

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED      Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

─── ADDITIONAL INFORMATION OR COMMENTS ───

PROCESS:
☐ SUMMONS ☒ NO PROCESS* ☐ WARRANT

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance

Defendant Address:

Comments:

Bail Amount:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:                    Before Judge:

1 | JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

2

3

4

5

# E-filing

6

7 | UNITED STATES DISTRICT COURT

8 | NORTHERN DISTRICT OF CALIFORNIA

9 | SAN FRANCISCO DIVISION

10 | **CR 10 0245** JSW

11 | UNITED STATES OF AMERICA,  ) — No.

12 |     Plaintiff,  ) | VIOLATIONS:

13 |     v.  ) | 18 U.S.C. § 2241(c) – Aggravated Sexual Abuse; 18 U.S.C. § 2251(a) – Production of

14 |       ) | Child Pornography; 18 U.S.C. § 2251(b) – Production of Child Pornography (by

15 | KENNETH MARTIN KYLE and TESSA VAN VLERAH,  ) | Parent); 18 U.S.C. § 2252(a)(2) – Distribution of Child Pornography; 18

16 |     Defendants.  ) | U.S.C. § 2252(a)(1) – Transportation of Child Pornography; 18 U.S.C. §

17 |       ) | 2252(a)(4)(B) – Possession of Child Pornography; 18 U.S.C. § 2253 – Criminal

18 |       | Forfeiture

19 |       | SAN FRANCISCO VENUE

20

21 | <u>I N D I C T M E N T</u>

22 | The Grand Jury charges:

23

24 | <u>COUNT ONE:</u>    18 U.S.C. § 2241(c) - Aggravated Sexual Abuse with Children

25 |     On or about August through October, 2009, in the Northern District of California, the

26 | defendant,

27 |     KENNETH MARTIN KYLE,

28 | did knowingly cross a State line with the intent to engage in a sexual act with a person who has

INDICTMENT

1    not attained the age of 12 years, and knowingly engaged and attempted to engage in a sexual act

2    with a person who has not attained the age of 12 years, to wit, contact between the mouth and the

3    penis, in violation of Title 18, United States Code, Section 2241(c).

4

5    COUNT TWO:        18 U.S.C. § 2251(a) - Production of Child Pornography

6          On or about August through October, 2009, in the Northern District of California and

7    elsewhere, the defendant,

8                         KENNETH MARTIN KYLE,

9    did knowingly employ, use, persuade, induce, entice, and coerce a minor to engage in sexually

10   explicit conduct for the purpose of producing a visual depiction of such conduct, and such visual

11   depiction was transported or transmitted in or affecting interstate and foreign commerce, in

12   violation of Title 18, United States Code, Section 2251(a).

13

14   COUNT THREE:       18 U.S.C. § 2251(a) - Production of Child Pornography (by Parent)

15         On or about August through October, 2009, in the Northern District of California and

16   elsewhere, the defendant,

17                         TESSA VAN VRELAH,

18   a parent, legal guardian, and person having custody and control of minor A.V., did knowingly

19   permit A.V. to engage in sexually explicit conduct for the purpose of producing a visual

20   depiction of such conduct, and such visual depiction was transported or transmitted in or

21   affecting interstate and foreign commerce, in violation of Title 18, United States Code, Section

22   2251(a).

23

24   COUNT FOUR:        18 U.S.C. § 2252(a)(2) - Distribution of Child Pornography

25         On or about December 7, 2009, in the Northern District of California, the defendant,

26                         KENNETH MARTIN KYLE,

27   did knowingly distribute at least one visual depiction that had been mailed and shipped and

28   transported in and affecting interstate and foreign commerce, and which contains materials which

INDICTMENT                          2

1 │ had been so mailed and shipped and transported by any means, including by computer, the

2 │ production of which involved the use of a minor engaging in sexually explicit conduct and which

3 │ visual depiction was of such conduct, in violation of Title 18, United States Code, Section

4 │ 2252(a)(2).

5 │

6 │ <u>COUNT FIVE:</u>    18 U.S.C. § 2252(a)(1) – Transportation of Child Pornography

7 │      On or about March 15, 2010, in the Northern District of California, the defendant,

8 │                   KENNETH MARTIN KYLE,

9 │ did knowingly transport and ship in foreign commerce a visual depiction, the production of

10 │ which involved the use of a minor engaging in sexually explicit conduct and which visual

11 │ depiction was of such conduct; in violation of Title 18, United States Code, Section 2252(a)(1).

12 │

13 │ <u>COUNT SIX:</u> 18 U.S.C. § 2252(a)(4)(B) - Possession of Child Pornography

14 │      On or about March 15, 2010, in the Northern District of California, the defendant,

15 │                   KENNETH MARTIN KYLE,

16 │ did knowingly possess at least one matter which contained a visual depiction that had been

17 │ mailed, shipped and transported in and affecting interstate and foreign commerce, and which was

18 │ produced using materials which have been mailed, shipped and transported in interstate and

19 │ foreign commerce, by any means including by computer, the production of such visual depiction

20 │ having involved the use of a minor engaging in sexually explicit conduct, and such depiction was

21 │ of such conduct; in violation of Title 18, United States Code, Section 2252(a)(4)(B).

22 │

23 │ <u>FORFEITURE ALLEGATIONS:</u> (18 U.S.C. §§ 2253(a)(1) and (a)(3) - Criminal Forfeiture)

24 │      Upon conviction of the offense alleged herein, the defendants,

25 │                KENNETH MARTIN KYLE, and

26 │                TESSA VAN VLERAH,

27 │ shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 2253(a)(1)

28 │ and (a)(3), all visual depictions described in Title 18, United States Code Sections 2251 and

INDICTMENT                3

2252, and all property, real or personal, used or intended to be used to commit or promote the

commission of the offenses of conviction, including but not limited to the following items that

were obtained from defendants during March, 2010:

    1.    a Hewlett Packard G60 laptop computer bearing serial number 2CE940048Y;

    2.    an Acer Aspire 5000 laptop computer bearing serial number LXA5105653013094EM00;

    3.    a Western Digital external hard drive bearing serial number WCASU3254662;

    4.    a Dell Inspiron laptop computer bearing serial number ASGNLO1;

    5.    a Nokia 6103b cellular phone bearing serial number IMEI 352269/01/882842/1;

    6.    a Smart One Cable Modem bearing serial number CMX300U2;

    7.    a CD-ROM containing WinCleaner hard drive wiping software; and

    8.    thumb drives and CD-ROMs containing images and videos of child pornography.

DATED:                         A TRUE BILL.

April 1, 2010

                                             FOREPERSON

JOSEPH P. RUSSONIELLO
United States Attorney

GREGG W. LOWDER
Chief, Major Crimes Section

(Approved as to form               )
            AUSA MARTIKAN

INDICTMENT                        4

# EXHIBIT 2

MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

OWEN P. MARTIKAN (CABN 177104)
Assistant United States Attorney

450 Golden Gate Ave., Box 36055
San Francisco, California 94102
Telephone: (415) 436-7200
Fax: (415) 436-7234
E-Mail: owen.martikan@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 10-0245 JSW |
| Plaintiff, | |
| v. | PLEA AGREEMENT |
| KENNETH MARTIN KYLE, | |
| Defendant. | |

I, KENNETH MARTIN KYLE, and the United States Attorney's Office for the Northern

District of California (hereafter "the government") enter into this written plea agreement (the

"Agreement") pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure:

The Defendant's Promises

1.      I agree to plead guilty to Count One of the captioned indictment charging me with

aggravated sexual abuse with children, in violation of 18 U.S.C. § 2241(c). I agree that the

elements of a violation of 18 U.S.C. § 2241(c) are as follows: (1) I knowingly crossed a state

line; (2) with the intent to engage in a sexual act with a person who has not attained the age of 12

years. I agree that the maximum penalties for a violation of 18 U.S.C. § 2241(c) are as follows:

PLEA AGREEMENT

| | | |
|---|---|---|
| a. | Prison sentence | Minimum 30 years, maximum life |
| b. | Maximum fine | $250,000 |
| c. | Supervised release | Minimum 5 years, maximum life |
| d. | Mandatory special assessment | $100 |
| e. | Restitution | As Determined By The Court |
| f. | Registration as a Sex Offender | |

2. I agree that I am guilty of the offense to which I will plead guilty, and I agree that the following facts are true: In August, 2009, I traveled from San Francisco, California to St. Louis, Missouri, with the intention of engaging in a sexual act with a minor female, who I knew had not yet attained the age of 12.

3. I agree to give up all rights that I would have if I chose to proceed to trial, including the rights to a jury trial with the assistance of an attorney; to confront and cross-examine government witnesses; to remain silent or testify; to move to suppress evidence or raise any other Fourth or Fifth Amendment claims; to any further discovery from the government; and to pursue any affirmative defenses and present evidence.

4. I agree to give up my right to appeal my conviction, the judgment, and orders of the Court. I also agree to waive any right I may have to appeal any aspect of my sentence, including any orders relating to forfeiture and/or restitution.

5. I agree to waive any right I may have to file any collateral attack on my conviction or sentence, including a petition under 28 U.S.C. § 2255 or 28 U.S.C. § 2241, or motion under 18 U.S.C. § 3582, at any time in the future after I am sentenced, except for a claim that my constitutional right to the effective assistance of counsel was violated.

6. I agree not to ask the Court to withdraw my guilty plea at any time after it is entered, unless the Court declines to accept the sentence agreed to by the parties. I agree that the government may withdraw from this Agreement if the Court does not accept the agreed-upon sentence set out below. I agree that if the Court does not accept the agreed-upon sentence set out below, the statute of limitations shall be tolled from the date I signed the Agreement until the date the Court does not accept the Agreement. I further agree not to ask the Court for a

PLEA AGREEMENT                    2

1  continuance of my sentencing hearing without the consent of the government.

2        7.    I agree that my sentence should be calculated pursuant to the Sentencing

3  Guidelines. I understand that the Court, while not bound to apply the Guidelines, must consult

4  those Guidelines and take them into account when sentencing, together with the factors set forth

5  in 18 U.S.C. § 3553(a). I also agree that the Sentencing Guidelines offense level will be

6  calculated as follows and that I will not ask for any other adjustment to or reduction in the

7  offense level or for a downward departure from the Guidelines range:

8             a.    Base Offense Level, U.S.S.G. §2G2.1(a):    32

9             b.    Minor victim younger than 12,:    4

10            c.    Commission of a Sexual Act:    2

11            d.    Images sent to another via the internet:    2

12            e.    Use of a computer:    2

13            f.    Vulnerable Victim, §3A1.1(b)(1):    2

14            d.    <u>Acceptance of Responsibility</u>:  If I meet the requirements of
U.S.S.G. § 3E1.1, I may be entitled to a three-level reduction for
15                   acceptance of responsibility, provided that I forthrightly admit
my guilt, cooperate with the Court and the Probation Office in
16                   any pre-sentence investigation ordered by the Court, and
continue to manifest an acceptance of responsibility through
17                   and including the time of sentencing.    - 3

18            f.    Adjusted offense level:    41

19     8.    I agree that a reasonable and appropriate disposition of this case, under the

20 Sentencing Guidelines and 18 U.S.C. § 3553(a), and the sentence to which the parties have

21 agreed, is as follows: a sentence of no less than 405 months, but no longer than 450 months

22 imprisonment, ten years of supervised release (with conditions to be fixed by the Court), $100

23 special assessment and $50,000 restitution.

24       I agree that, regardless of any other provision in this Agreement, the government may and

25 will provide to the Court and the Probation Office all information relevant to the charged offense

26 or the sentencing decision. I agree that I will make a good faith effort to pay any fine, forfeiture

27 or restitution I am ordered to pay. Before or after sentencing, I will, upon request of the Court,

28 the government, or the U.S. Probation Office, provide accurate and complete financial

PLEA AGREEMENT            3

1  information, submit sworn statements and give depositions under oath concerning my assets and

2  my ability to pay, surrender assets I obtained as a result of my crimes, and release funds and

3  property under my control in order to pay any fine, forfeiture, or restitution. I agree to pay the

4  special assessment at the time of sentencing.

5      9.      I agree not to commit or attempt to commit any crimes before sentence is imposed

6  or before I surrender to serve my sentence. I also agree not to intentionally provide false

7  information to the Court, the Probation Office, Pretrial Services, or the government; and not to

8  fail to comply with any of the other promises I have made in this Agreement. I will make no

9  attempt to contact the victim in this case. I agree that, if I fail to comply with any promises I

10  have made in this Agreement, then the government will be released from all of its promises in

11  this Agreement, including those set forth in paragraphs 13 through 15 below, but I will not be

12  released from my guilty plea.

13      10.     I agree to forfeit my interest in the following property (hereinafter "subject

14  property"):

15          a.      a Hewlett Packard G60 laptop bearing serial number 2CE940048Y;

16          b.      an Acer Aspire 5000 laptop bearing serial number

17  LXA5105653013094EM00;

18          c.      a Western Digital external hard drive bearing serial number

19  WCASU3254662;

20          d.      a Dell Inspiron laptop computer bearing serial number ASGNLO1;

21          e.      a Nokia 6103b cellular phone bearing serial number IMEI

22  352269/01/882842/1;

23          f.      a Smart One Cable Modem bearing serial number CMX300U2;

24          g.      a CD-ROM containing WinCleaner hard drive wiping software;

25          h.      a Samsung L200 digital camera bearing serial number

26  A00HC90QA21804X; and

27          i.      thumb drives and CD-ROMs containing images and videos of child

28  pornography.

PLEA AGREEMENT                    4

1  I admit that the subject property was used to produce, receive, or possess visual

2  depictions of minors engaged in sexually explicit conduct, and is thus forfeitable to the United

3  States pursuant to the provisions of 18 U.S.C. § 2253 and the procedures outlined in Rule 32.2 of

4  the Federal Rules of Criminal Procedure. I relinquish any and all right, title, and interest I may

5  have in the subject property and agree that such right, title, and interest can be forfeited to the

6  United States without further notice to me. I further agree not to assist any other individual in

7  any effort to falsely contest their forfeiture. I further agree to waive all constitutional and

8  statutory challenges in any manner (including direct appeal, habeas corpus, or any other means)

9  to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including

10  that the forfeiture constitutes an excessive fine or punishment and statute of limitations.

11       11.    I agree that this Agreement contains all of the promises and agreements between

12  the government and me, and I will not claim otherwise in the future.

13       12.    I agree that this Agreement binds the U.S. Attorney's Offices for the Northern

14  District of California and the Eastern District of Missouri, and does not bind any other federal,

15  state, or local agency.

16  The Government's Promises

17       13.    The government agrees to move to dismiss any open charges pending against the

18  defendant in the captioned Indictment at the time of sentencing. The Eastern District of Missouri

19  agrees to dismiss the pending charges against the defendant in *United States v. Kenneth Kyle*,

20  Eastern District of Missouri Docket No. CR 10-00188 ERW after I am sentenced in the Northern

21  District of California.

22       14.    The government agrees not to file any additional charges against the defendant

23  that could be filed as a result of the investigation that led to the captioned Indictment.

24       15.    The government agrees that the reasonable and appropriate sentence in this case

25  should be as set forth in Paragraph 8 above, unless the defendant violates the Agreement as set

26  forth in Paragraphs 8 through 9 above or fails to accept responsibility. The government agrees to

27  recommend that the term of imprisonment in this case run concurrently with any sentence

28  imposed on the defendant arising out of the currently pending state charges in St. Louis,

PLEA AGREEMENT            5

Missouri.

The Defendant's Affirmations

16. I confirm that I have had adequate time to discuss this case, the evidence, and this Agreement with my attorney, and that he has provided me with all the legal advice that I requested.

17. I confirm that while I considered signing this Agreement, and at the time I signed it, I was not under the influence of any alcohol, drug, or medicine.

18. I confirm that my decision to enter a guilty plea is made knowing the charges that have been brought against me, any possible defenses, and the benefits and possible detriments of proceeding to trial. I also confirm that my decision to plead guilty is made voluntarily, and no one coerced or threatened me to enter into this Agreement.

19. I understand that my conviction under this agreement will require me to register as a sex offender pursuant to 42 U.S.C. § 16913.

Dated: 2/13/12

_____
KENNETH M. KYLE
Defendant

MELINDA HAAG
United States Attorney

Dated: 2/14/12

_____
OWEN P. MARTIKAN
Assistant United States Attorney

I have fully explained to my client all the rights that a criminal defendant has and all the terms of this Agreement. In my opinion, my client understands all the terms of this Agreement and all the rights he is giving up by pleading guilty, and, based on the information now known to me, his decision to plead guilty is knowing and voluntary.

Dated: 2/13/2012

_____
DAVID M. BIGELEISEN
Attorney for Defendant

PLEA AGREEMENT                                  6

**EXHIBIT 3**

AO 245B (Rev. 6/05 - Judgment in a Criminal Case)

# United States District Court
## Northern District of California

E-filing

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>KENNETH MARTIN KYLE | **JUDGMENT IN A CRIMINAL CASE**<br><br>USDC Case Number: CR-10-00245-001 JSW<br>BOP Case Number: DCAN310CR000245-001<br>USM Number: 14545-111<br>Defendant's Attorney : David Michael Bigeleisen, 101 Howard Street, Suite 310, San Francisco, CA 94105 |

**THE DEFENDANT:**

[x]  pleaded guilty to count: <u>One of the Indictment</u> .

[ ]  pleaded nolo contendere to count(s) ___ which was accepted by the court.

[ ]  was found guilty on count(s) ___ after a plea of not guilty.

The defendant is adjudicated guilty of these offense(s):

| <u>Title & Section</u> | <u>Nature of Offense</u> | Offense<br><u>Ended</u> | <u>Count</u> |
|---|---|---|---|
| 18 U.S.C. § 2241(c) | Aggravated Sexual Abuse with Children | October 2009 | One |

The defendant is sentenced as provided in pages 2 through <u>7</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]  The defendant has been found not guilty on count(s) ___.

[x]  Counts <u>Two, Four through Six of the Indictment</u> are dismissed on the motion of the United States.

IT IS ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

March 8, 2012
Date of Imposition of Judgment

Signature of Judicial Officer

Honorable Jeffrey S. White, U. S. District Judge
Name & Title of Judicial Officer

March 12, 2012
Date

AO 245B (Rev. 12/03) (CAND Rev. 3/07) Judgment in a Criminal Case Sheet 2 - Imprisonment

| | | |
|---|---|---|
| DEFENDANT: | KENNETH MARTIN KYLE | Judgment - Page 2 of 7 |
| CASE NUMBER: | CR-10-00245-001 JSW | |

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **450 months** .

[x]     The Court makes the following recommendations to the Bureau of Prisons:
The Court recommends the defendant be incarcerated in a maximum security facility.

[x]     The defendant is remanded to the custody of the United States Marshal. The appearance bond is hereby exonerated.

[ ]     The defendant shall surrender to the United States Marshal for this district.

    [ ] at ___ [] am [] pm on ___.
    [ ] as notified by the United States Marshal.

    The appearance bond shall be deemed exonerated upon the surrender of the defendant.

[ ]     The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    [ ] before  2:00 pm on ___.
    [ ] as notified by the United States Marshal.
    [ ] as notified by the Probation or Pretrial Services Office.

    The appearance bond shall be deemed exonerated upon the surrender of the defendant.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on_____ to _____

at _____ , with a certified copy of this judgment.

_____

UNITED STATES MARSHAL

By _____

Deputy United States Marshal

DEFENDANT:      KENNETH MARTIN KYLE                                    Judgment - Page 3 of 7
CASE NUMBER:    CR-10-00245-001 JSW

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of  10 years .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and two periodic drug tests thereafter.

[ ]    The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check if applicable.)

[x]    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  (Check if applicable.)

[x]    The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check if applicable.)

[x]    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check if applicable.)

[ ]    The defendant shall participate in an approved program for domestic violence. (Check if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions in this judgment.

## STANDARD CONDITIONS

1)    The defendant shall not leave the judicial district without permission of the court or probation officer;
2)    The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3)    The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4)    The defendant shall support his or her dependants and meet other family responsibilities;
5)    The defendant shall work regularly at a lawful occupation,  unless excused by the probation officer for schooling, training, or other acceptable reasons;
6)    The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7)    The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8)    The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)    The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10)   The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view of the probation officer;
11)   The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12)   The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court; and
13)   As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 12/03) Judgment in a Criminal Case Sheet 3 - Supervised Release

| | | |
|---|---|---|
| DEFENDANT: | KENNETH MARTIN KYLE | Judgment - Page 4 of 7 |
| CASE NUMBER: | CR-10-00245-001 JSW | |

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall submit to a search of his person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, with or without a warrant, by any law enforcement or Probation Officer with reasonable suspicion concerning unlawful conduct or a violation of a condition of probation or supervised release. Failure to submit to such a search may be grounds for revocation; the defendant shall warn residents that the premises may be subject to searches.

2. The defendant shall register with the state sex offender registration agency in any state where the defendant resides, is employed, carries on a vocation, or is a student, as directed by the Probation Officer. The defendant shall provide proof of registration to the Probation Officer within 7 days of release from imprisonment.

3. The defendant shall participate in a sex offender treatment program, as directed by the Probation Officer. The defendant shall abide by all rules, requirements, and conditions of such program, including, but not limited to, polygraph. The Probation Officer shall disclose the presentence report and/or any previous mental health evaluations or reports to the treatment provider.

4. The defendant shall not possess any materials, including pictures, photographs, books, writings, drawings, videos, or video games, depicting and/or describing child pornography, as defined in 18 U.S.C. § 2256(8).

5. The defendant shall not contact the victim, by any means, including in person, by mail or electronic means, or via third parties. Further, the defendant shall remain at least 100 yards from the victim(s) at all times. If any contact occurs, the defendant shall immediately leave the area of contact, and report the contact to the Probation Officer.

6. The defendant shall not associate or have verbal, written, telephonic, or electronic communication with any person under the age of 18, except: (a) in the presence of the parent or legal guardian of said minor; and (b) on the condition that the defendant notify said parent or legal guardian of his conviction in the instant offense/prior offense. This provision does not encompass persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., with whom the defendant must deal with in order to obtain ordinary and usual commercial services.

7. The defendant shall not possess or use a computer or computer-related devices, including, but not limited to, personal computers, personal data assistants (PDAs), Internet appliances, electronic games, and cellular telephones, as well as their peripheral equipment, that can access, or can be modified to access, the Internet, electronic bulletin boards, and other computers, or similar media with access to any online service at any location (including his place of employment). This includes access through any Internet service provider, bulletin board system, or any public or private computer network system. The defendant shall not have another individual access the Internet on his behalf to obtain files or information which he has been restricted from accessing himself, or accept restricted files or information from another person.

8. The defendant shall not own or possess any firearms, ammunition, destructive devices, or other dangerous weapons.

9. The defendant shall cooperate in the collection of DNA as directed by the probation officer.

DEFENDANT:  KENNETH MARTIN KYLE                          Judgment - Page 5 of 7
CASE NUMBER:  CR-10-00245-001 JSW

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 100.00 | $ N/A | $ 50,000.00 |

[ ]  The determination of restitution is deferred until _. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[x]  The defendant shall make restitution (including community restitution) to the following payees in the amount listed below. The defendant shall make all payments directly to the U.S. District Court Clerk's Office who will disburse payments to the payee.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| (submitted separately to the Clerks Office due to victim confidentiality) | | 50,000.00 | |
| Totals: | $ _ | $ 50,000.00 | |

[x]  Restitution amount ordered pursuant to plea agreement $ 50,000.00

[x]  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6, may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[ ]  The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

[ ]  the interest requirement is waived for the     [ ] fine     [ ] restitution.

[ ]  the interest requirement for the     [ ] fine     [ ] restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:      KENNETH MARTIN KYLE                          Judgment - Page 6 of 7
CASE NUMBER:    CR-10-00245-001 JSW

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A   [x]  Lump sum payment of $50,100.00 due immediately, balance due

    [ ]   not later than _____, or

    [x]  in accordance with ( ) C, ( ) D, (X) E,  (X) F (X) G or ( ) H  below; or

B   [ ]  Payment to begin immediately (may be combined with ( ) C,  ( ) D, or ( ) F below); or

C   [ ]  Payment in equal      (e.g. weekly, monthly, quarterly) installments of $ _ over a period of __ (e.g.,
         months or years), to commence _ (e.g., 30 or 60 days) after the date of this judgment; or

D   [ ]  Payment in equal      (e.g. weekly, monthly, quarterly) installments of $ _ over a period of __ (e.g.,
         months or years), to commence _ (e.g., 30 or 60 days) after release from imprisonment to a term of
         supervision; or

E   [x]  Payment during the term of supervised release will commence within 30 days after release from
         imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to
         pay at that time; or

F   [x]  Special instructions regarding the payment of criminal monetary penalties:
         Upon release from custody, payments shall be at a minimum of $500.00 per month.

G.  [x]  In Custody special instructions:

         Payment of criminal monetary penalties is due during imprisonment at the rate of not less than $25.00
         per quarter and payment shall be through the Bureau of Prisons Inmate Financial Responsibility
         Program. Criminal monetary payments shall be made to the Clerk of U.S. District Court, 450 Golden
         Gate Ave., Box 36060, San Francisco, CA 94102

H.  [ ]  Out of Custody special instructions:

         It is further ordered that the defendant shall pay to the United States a special assessment of $ and a fine
         of $ which shall be due immediately. If incarcerated, payment of criminal monetary payment is due
         during imprisonment and payment shall be through the Bureau of Prisons Inmate Financial
         Responsibility Program. Criminal monetary payments shall be made to the Clerk of U.S. District Court,
         450 Golden Gate Ave., Box 36060, San Francisco, CA 94102.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B (Rev. 12/03) - Judgment in a Criminal Case - sheet 6 - Schedule of Payments

| DEFENDANT: | KENNETH MARTIN KYLE | Judgment - Page 7 of 7 |
|---|---|---|
| CASE NUMBER: | CR-10-00245-001 JSW | |

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ]     Joint and Several

| Defendant and co-defendant Names | Case Numbers (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee (if appropriate) |
|---|---|---|---|---|
| | | | | |

[ ]     The defendant shall pay the cost of prosecution.

[ ]     The defendant shall pay the following court cost(s):

[x]     The defendant shall forfeit the defendant's interest in the following property to the United States:

A Hewlett Packard G60 laptop bearing serial number 2CE940048Y; an Acer Aspire 5000 laptop bearing serial number 13 LXA5105653013094EMOO; a Western Digital external hard drive bearing serial number WCASU3254662; a Dell Inspiron laptop computer bearing serial number ASGNLO 1; a Nokia 6103b cellular phone bearing serial number 352269/01188284211; a Smart One Cable Modem bearing serial number CMX300U2; a CD-ROM containing WinCleaner hard drive wiping software; a Samsung L200 digital camera bearing serial number AOOHC90QA21804X; and thumb drives and CD-ROMs containing images and videos of child pornography.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

# EXHIBIT 4

1
2
3
4
5
6         IN THE UNITED STATES DISTRICT COURT
7
8        FOR THE NORTHERN DISTRICT OF CALIFORNIA
9   UNITED STATES OF AMERICA,        No. CR 10-00245-1 JSW

10         Plaintiff,       **ORDER GRANTING REQUEST FOR EXTENSION OF TIME TO APPEAL**

11    v.

12   KENNETH M. KYLE,

13         Defendant.             /

14

15       On April 17, 2012, this Court received a letter from Defendant requesting an extension

16 of time to file a Notice of Appeal in connection with the Judgment entered on March 13, 2012.

17 The Court has considered the request, and although the Plea Agreement in this case contains a

18 waiver of the right to appeal, shall not deny the motion on that basis. Accordingly, good cause

19 appearing, the Court GRANTS the request for an extension. Fed. R. App. P. 4(b)(4). However,

20 under Rule 4(b)(4), the Court can only grant an extension to April 26, 2012, which is the 30th

21 day after the "time otherwise prescribed by" Rule 4(b) would expire. Therefore, if Defendant

22 intends to file a Notice of Appeal, he must do so by no later than April 26, 2012. *See id.*; *see*

23 *also* Fed. R. App. 4(c)(1).

24      **IT IS SO ORDERED.**

25 Dated: April 19, 2012               _Jeffrey S. White_
                      JEFFREY S. WHITE

26                       UNITED STATES DISTRICT JUDGE

27

28

*United States District Court*
For the Northern District of California

**EXHIBIT 5**

FILED

2012 APR 23 P 1: 30
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1   DAVID MICHAEL BIGELEISEN (SBN #68681)
    101 Howard Street, Suite 310
2   San Francisco, CA 94105
    (415) 957-1717
3   e-mail: dmbigeleisen@gmail.com

4   Attorney for Defendant:
    KENNETH MARTIN KYLE
5

6                 IN THE UNITED STATES DISTRICT COURT

7              FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9   UNITED STATES OF AMERICA          )
                                      )
10              Plaintiff,            )
                                      )    CASE NO. CR 10 0245 JSW
11  - against -                       )
                                      )
12                                    )    DEFENDANT'S NOTICE OF APPEAL
13  KENNETH MARTIN KYLE               )
                                      )
14                                    )
                Defendant.            )
15                                    )

16

17          Defendant Kenneth Martin Kyle hereby notices an appeal from the judgment

18  and sentence of this Court imposed on March 8, 2012.

19

20  DATED:  April 23, 2012

21

22                              Respectfully submitted,

23

24                              _____
                                DAVID MICHAEL BIGELEISEN
25                              Attorney for Defendant:
                                KENNETH MARTIN KYLE
26

27

28  *Defendant's Notice of Appeal*

## PROOF OF SERVICE BY HAND DELIVERY

I, _Terence Neumann_ declare under penalty of perjury that the following facts are true and correct: I am over the age of eighteen (18) years and not a party to the within action. My business address is _25 Stillmann_

_S.F. CA_

On April 23, 2012, I delivered the following:

## DEFENDANT'S NOTICE OF APPEAL

to the party in said cause, by personal delivery as follows:

Owen Martikan
Assistant United States Attorney
450 Golden Gate Avenue, 11th Floor
San Francisco, CA 94102

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on April 23, 2012, at San Francisco, California.

_Terence Neumann_

4/23/12

DAVID MICHAEL L. ELEISEN
ATTORNEY
101 HOWARD STREET, SUITE 310
SAN FRANCISCO, CALIFORNIA 94105
(415) 957-1717

**EXHIBIT 6**

**CJA 23**
(Rev. 11/11)

# FINANCIAL AFFIDAVIT

IN SUPPORT OF REQUEST FOR ATTORNEY, EXPERT, OR OTHER SERVICES WITHOUT PAYMENT OF FEE

| IN THE UNITED STATES | ☐ DISTRICT COURT | ☒ COURT OF APPEALS | ☐ OTHER *(Specify below)* | | LOCATION NUMBER |
|---|---|---|---|---|---|

IN THE CASE OF

| United States v. Kyle | FOR The Ninth Circuit | San Francisco |
|---|---|---|
| | AT | |

**PERSON REPRESENTED** *(Show your full name)*

Kenneth Martin Kyle

| | | |
|---|---|---|
| 1 ☒ | Defendant - Adult | |
| 2 ☐ | Defendant - Juvenile | |
| 3 ☐ | Appellant | |
| 4 ☐ | Probation Violator | |
| 5 ☐ | Supervised Release Violator | |
| 5 ☐ | Habeas Petitioner | |
| 7 ☐ | 2255 Petitioner | |
| 8 ☐ | Material Witness | |
| 9 ☐ | Other *(Specify)* | |

**DOCKET NUMBERS**

Magistrate Judge

District Court
CR 10 1245 JSW

Court of Appeals
12-10208

**CHARGE/OFFENSE** *(describe if applicable & check box →)*  ☒ Felony  ☐ Misdemeanor

18 U.S.C. 2241(c)

---

## ANSWERS TO QUESTIONS REGARDING ABILITY TO PAY

**INCOME & ASSETS**

**EMPLOYMENT**

Are you now employed?  ☐ Yes  ☒ No  ☐ Self-Employed

Name and address of employer: _____

IF YES, how much do you earn per month? $ _____

IF NO, give month and year of last employment? _____
How much did you earn per month? $ _____

If married, is your spouse employed?  ☐ Yes  ☒ No

IF YES, how much does your spouse earn per month? $ _____

If you are a minor under age 21, what is the approximate monthly income of your parent(s) or guardian(s)? $ _____

**OTHER INCOME**

Have you received within the past 12 months any income from a business, profession or other form of self-employment, or in the form of rent payments, interest, dividends, retirement or annuity payments, or other sources?  ☐ Yes  ☒ No

| | RECEIVED | SOURCES |
|---|---|---|
| IF YES, give the amount received and identify the sources | $ _____ | _____ |
| | $ _____ | _____ |

**CASH**

Do you have any cash on hand or money in savings or checking accounts?  ☐ Yes  ☒ No  IF YES, total amount? $ _____

**PROPERTY**

Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?  ☐ Yes  ☒ No

| | VALUE | DESCRIPTION |
|---|---|---|
| IF YES, give value and description for each | $ _____ | _____ |
| | $ _____ | _____ |
| | $ _____ | _____ |

---

**OBLIGATIONS & DEBTS**

**DEPENDENTS**

MARITAL STATUS

| | | Total No. of Dependents |
|---|---|---|
| ✗ Single | | |
| Married | | |
| Widowed | | 0 |
| Separated or Divorced | | |

List persons you actually support and your relationship to them
_____
_____
_____

**DEBTS & MONTHLY BILLS** *(Rent, utilities, loans, charge accounts, etc.)*

| DESCRIPTION | TOTAL DEBT | MONTHLY PAYMENT |
|---|---|---|
| Family debt for lawyer | $44,000 | $ ___ |
| Student Loans | >$15,000 | $ ___ |
| Credit Cards | >$7,000 | $ ___ |

---

I certify under penalty of perjury that the foregoing is true and correct.

*Kenneth M. Ky*
SIGNATURE OF DEFENDANT
(OR PERSON REPRESENTED)

4/28/12
Date

**EXHIBIT 7**



Federal Detention Family Center
Kenneth M Kyle
Registration No. 14545111
Housing Unit J1
5675 8ᵗʰ Street Camp Parks
Dublin, CA 94568

Attorney David Michael Bigeleisen
(attorney for Kenneth Kyle)
The Folger Building
101 Howard Street, Suite 310
San Francisco, CA 94105

94105161985

## PROOF OF SERVICE BY MAIL – C.C.P. 1013A. 2015.5

I, ROZAIDA BOUGH, declare under penalty of perjury that the following facts are true and correct:

I am over the age of eighteen (18) years and not a party to the within action. My business address is 101 Howard Street, Suite 310, San Francisco, CA 94105

On May 4, 2012, I served the attached:

MOTION TO WITHDRAW AS ATTORNEY

to the party in said cause, by placing a true copy thereof enclosed in a sealed envelope with first class postage thereon fully prepaid, in the United States mail at San Francisco, California, addressed as follows:

Owen Martikan
Assistant United States Attorney
450 Golden Gate Avenue, 11th Floor
San Francisco, CA 94102

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on May 4, 2012 at San Francisco, California.

ROZAIDA BOUGH

## PROOF OF SERVICE BY MAIL – C.C.P. 1013A. 2015.5

I, ROZAIDA BOUGH, declare under penalty of perjury that the following facts are true and correct:

I am over the age of eighteen (18) years and not a party to the within action. My business address is 101 Howard Street, Suite 310, San Francisco, CA 94105

On May 4, 2012, I served the attached:

MOTION TO WITHDRAW AS ATTORNEY

to the party in said cause, by placing a true copy thereof enclosed in a sealed envelope with first class postage thereon fully prepaid, in the United States mail at San Francisco, California, addressed as follows:

Federal Detention Center
Kenenth M. Kyle
Registration No. 14545111
Housing Unit J 1
5675 8th Street Camp Parks
Dublin, CA 94568

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on May 4, 2012 at San Francisco, California.

**ROZAIDA BOUGH**

DAVID MICHAEL BIGELEISEN
ATTORNEY
101 HOWARD STREET, SUITE 310
SAN FRANCISCO, CALIFORNIA 94105
(415) 957-1717